UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACY CARTER                                                CIVIL ACTION

VERSUS                                                      NO. 13-497

SOCIAL SECURITY ADMINISTRATION                              SECTION "J" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for DIB on September 6, 2011 and for SSI on August 22, 2011, alleging a disability onset date of October 10, 2007. (Adm. Rec. at 8, 116-121). Plaintiff alleged disability due to chronic obstructive pulmonary disease ("COPD") and back pain. (*Id.* at 132). Plaintiff subsequently amended her disability onset date to April 4, 2011. (*Id.* at 107). Plaintiff, born on January 24, 1974, was 37 years old on the date on which she alleged disability and 38 years old at the time of the final administrative decision. (*Id.* at 128). Plaintiff completed the ninth grade.

(*Id.* at 133). Plaintiff has a past relevant work experience as a cashier and a cook. (*Id.*).

Defendant initially denied plaintiff's application on December 22, 2011. (*Id.* at 8, 67-74). Plaintiff sought an administrative hearing, which defendant held on August 23, 2012. (*Id.* at 24-46). Plaintiff and a vocational expert ("VE"), Karen Harrison, testified at the hearing.

On September 28, 2012, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled since August 22, 2011, the date that plaintiff filed her application. (*Id.* at 12-22). In the decision, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine with L4-5 radiculopathy and COPD. (*Id.* at 10). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 11). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except that she can never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; occasionally stoop; and must avoid concentrated exposure to pulmonary irritants; walk one-half of a block at a time; stand for up to 15 minutes at a time; and sit for 20 minutes at a time. (*Id.* at 15). The ALJ determined that plaintiff can not perform her past relevant work but can perform other work that exists in significant numbers in the national economy such as cashier, information clerk and office clerk. (*Id.* at 17). The ALJ thus denied plaintiff DIB and SSI. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 23). On February 13, 2013, the Appeals Council denied plaintiff's request. (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.

*Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.   ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work

history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUE ON APPEAL

There are three intertwined issues on appeal that mainly address plaintiff's credibility:

(1) Whether the ALJ properly evaluated plaintiff's credibility.

(2) Whether substantial evidence supports the ALJ's conclusion that plaintiff's pain was out of proportion to the objective medical evidence.

(3) Whether substantial evidence supports the ALJ's other credibility findings.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's credibility findings.[1]

The Court ultimately finds that the ALJ properly evaluated plaintiff's credibility under the factors listed in 20 C.F.R. § 416.929(c)(3) and outlined in Social Security Ruling ("SSR") 96-7p, 1996 WL 374186. The ALJ first considered plaintiff's activities of daily living. (Adm. Rec. at 12); *see also* 20 C.F.R. § 416.929(c)(3)(i) (listing daily activities as consideration of other evidence). Plaintiff reported that she can attend social activities, care for her children, play with her children outside or with games on the floor, sweep, mop, prepare simple meals, wash dishes, wash clothes, and feed her pets. (Adm. Rec. at 12, 32, 148-49). She goes to church on Sundays and goes outside every day. (*Id.* at 148). These reported activities of daily living constitute substantial evidence that undermines plaintiff's claim of disabling pack pain. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (finding that cooking, washing, and maintaining social contacts is substantial evidence

---

[1] Because the listed issues are so intertwined, the Court will address them as one.

6

undermining complaints of debilitating symptoms); *Leggett*, 67 F.3d at 565 (observing that caring for young children and performing household chores is evidence that indicates a claimant can perform sedentary work).

The ALJ also concluded that plaintiff's statements concerning the intensity and frequency of her back pain were inconsistent. (Adm. Rec. at 12). The transcript of the oral hearing reveals that plaintiff initially described her pain as an 11 on a scale of one to ten but later admitted that it was closer to a six or seven. (*Id.* at 33-34). During the examination by her administrative counsel, plaintiff again changed her answer and described her pain as an eight out of ten. (*Id.* at 44). A claimant's inconsistent statements are "quite relevant in evaluating his credibility." *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). Moreover, plaintiff testified that before December 2011, her pain was "tolerable" and "between a four and a five [out of ten]." (Adm. Rec. at 34). Thus, as plaintiff alleges an amended onset date of April 2011, she essentially concedes that she is attempting to collect benefits for a period during which she was not disabled. These inconsistencies further erode her credibility.

The ALJ also discussed the factors alleged by plaintiff that precipitate and aggravate her symptoms. (*Id.* at 12-13). Plaintiff testified that she could not lift more than four pounds. (*Id.* at 37). However, her treating physician repeatedly noted "5/5" strength in her extremities, and normal muscle bulk and tone. (*Id.* at 15, 270, 276, 282, 296). Additionally, at the oral hearing, plaintiff testified that pain prevented her from sitting more than 15 to 20 minutes at a time. (*Id.* at 12, 36). However, after the ALJ told her that she had been sitting for longer than that and that she could stand, plaintiff stated that she wished to remain seated. (*Id.* at 36). The hearing ultimately lasted 41

minutes, and plaintiff never asked to stand. (*Id.* at 26, 46). Plaintiff also testified that she rode in a car for an hour and a half to the hearing without the necessity of stopping along the way. (*Id.* at 15, 44). Because plaintiff's statements concerning her symptoms conflict with each other and with the objective medical evidence in the record, the ALJ properly found that plaintiff's statements undermined her credibility.

The ALJ also noted that plaintiff received only conservative treatment for her back impairment. (*Id.* at 15). Plaintiff never underwent surgery, never received epidural steroid injections (although some had been scheduled), and never attended physical therapy sessions. (*Id.* at 13, 15, 308). In fact, plaintiff's treating physician noted that plaintiff "continues to do well" on prescribed painkillers. (*id.* at 14, 309). Evidence that a claimant receives conservative pain treatment substantially supports an ALJ's adverse credibility finding against complaints of incapacity and severe pain. *See Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986). Accordingly, the Court finds that plaintiff's treatment record further supports the ALJ's credibility determination.

Finally, the ALJ considered measures allegedly used by plaintiff to relieve her pain. *See* 20 C.F.R. § 416.929(c)(3)(vi). Plaintiff claimed at the oral hearing that she sat in her recliner for five to six hours each day due to her pain. (Adm. Rec. at 38). The ALJ considered this testimony but ultimately concluded that her reported activities of daily living nevertheless indicate that she could perform sedentary work. (*Id.* at 13); *see, e.g., Vaughan*, 58 F.3d at 131 (finding that cooking, washing, and maintaining social contacts is substantial evidence undermining complaints of debilitating symptoms). The ALJ also noted that no physician had recommend that plaintiff engage in such conduct and that it appeared that said conduct was volitional and not based on medical

necessity. (*Id.* at 13). Indeed, plaintiff's treating physician recommended that plaintiff *increase* her activity level with stretching and strengthening exercises. (*Id.* at 309). Thus, the ALJ properly concluded that plaintiff's desire to sit in her recliner most of the day was not entirely attributable to her impairment. (*Id.* at 13). Given the testimony and objective medical evidence outlined above, substantial evidence supports the ALJ's determination that plaintiff's symptoms are not as severe as she alleged.

Plaintiff argues that the ALJ failed to discuss the factors for evaluating a claimant's credibility listed in SSR 96-7p. However, as noted above, the ALJ cited to 20 C.F.R. § 416.929 and SSR 96-7p and clearly discussed all of the relevant factors, including plaintiff's activities of daily living, the nature of plaintiff's pain, the factors that precipitate and aggravate plaintiff's symptoms, the treatment prescribed to her, and the measures taken by plaintiff to alleviate her pain. (*Id.* at 12-15). To the extent that plaintiff believes that the ALJ's decision should have included boilerplate language that quoted the factors in SSR 96-7p, her argument lacks merit as the Fifth Circuit has held that an ALJ is not required to follow formalistic rules in his articulation of the reasons for his decision. *See, e.g., Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir.1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure."); *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) (holding that a case will not be remanded simply because the ALJ did not use "magic words").

Plaintiff further argues that she has degenerative disc disease and then cites to a study that indicates that some individuals with back impairments experience back pain. However, "[t]he mere presence of some impairment is not disabling per se." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir.

1983).[2] Nor is the mere existence of pain. *Id.* at 166 (citing *Chaney v. Califano*, 588 F.2d 958 (5th Cir. 1979); *Laffoon v. Califano*, 558 F.2d 253 (5th Cir.1977)) (stating that "the test for disability under the Social Security Act is not satisfied merely because Plaintiff cannot work without some pain or discomfort."); *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983) ("[T]he mere existence of pain is not an automatic ground for obtaining disability benefits."). Rather, plaintiff "must show that she was so functionally impaired by her back trouble that she was precluded from engaging in any substantial gainful activity." *Hames*, 707 F.2d at 165. Here, the ALJ reviewed the medical evidence and found plaintiff's back impairment to be medically determinable and severe at step two of the sequential evaluation but ultimately determined that the evidence failed to establish that the pain precluded all work activity. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Thus, the Court finds that plaintiff's reliance on evidence not in the certified record fails.

Lastly, plaintiff cites to evidence that she believes supports her claim for benefits and alleges that the ALJ ignored favorable evidence. However, a review of the ALJ's opinion reveals that he did recount the evidence to which plaintiff cites, such as positive straight leg raise tests, (Adm. Rec. at 13-14), mildly antalgic gait, (*id.* at 14), restricted lumbar range of motion, (*id.* at 13), prescribed medications, (*id.* at 15), complaints that she can not sit or stand for long periods, (*id.* at 12-13), and complaints that she spends most of her day in her recliner. (*Id.* at 12). However, because the ALJ

---

[2] Indeed, were that the case, every claimant who files a lawsuit in this Court would automatically be entitled to benefits because every claimant has one or more severe impairments.

had a duty to consider all of the medical evidence, the ALJ also recounted evidence revealing negative straight leg raises, (*id.* at 14, 234, 296), normal gait (*id. at* 14, 234), full motor strength in the extremities, (*id.* at 15, 270, 276, 282, 296), and testimony that plaintiff's pain was only a four or five out of ten throughout much of the period during which she seeks benefits. (*Id.* at 12).

The Court finds that plaintiff ignores all of this evidence discussed by the ALJ in addition to the unfavorable evidence discussed above. Thus, although plaintiff accuses the ALJ of "picking and choosing" evidence to support his conclusion, plaintiff's argument does exactly what she argues against. As the Commissioner notes, what plaintiff describes as "picking and choosing" was the ALJ fulfilling his responsibility to resolve conflicts in the evidence. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (finding that the ALJ has a duty to resolve questions of credibility and conflicting medical evidence). To the extent that plaintiff wishes that the ALJ had given exclusive consideration to the evidence that she cites, the Fifth Circuit has held that an ALJ must consider all evidence of record, and this case law precludes plaintiff's argument. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000). The task of weighing the evidence is the province of the ALJ and not this Court. *See Chambliss*, 269 F.3d at 523. Accordingly, and while there may be evidence favorable to plaintiff in the record, the Court finds that substantial evidence and relevant legal precedent support the ALJ's credibility determination here.

### VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH

11

PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of March, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**